## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ADAM KANUSZEWSKI, et al,
        *Plaintiffs*,

        v.

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN
SERVICES, et al,
        *Defendants*

_____ /

Case No.: 18-cv-10472

Hon. Thomas L. Ludington,
        District Court Judge

Hon. Patricia T. Morris,
        Magistrate Judge

PHILIP L. ELLISON (P74117)
Outside Legal Counsel PLC
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

JEREMY C. KENNEDY (P64821)
JEROLD LAX (P16470)
Pear Sperling Eggan & Daniels, PC
Counsel for Michigan Neonatal
BioBank Inc and Dr. Antonio
Yancey (Personal Capacity)
24 Frank Lloyd Wright Dr, #D2000
Ann Arbor, MI 48105
(734) 665-4441
jkennedy@psedlaw.com
jlax@psedlaw.com

CHRISTOPHER L. KERR (P57131)
THOMAS S. MARKS (P69868)
Assistant Attorneys General
Michigan Dept of Attorney General
Corporate Oversight Division
Attorneys for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160

THOMAS F. CAVALIER (P34683)
Office of the General Counsel
Wayne State University
Counsel for Dr. Antonio Yancey
(Personal Capacity)
656 W. Kirby, 4249 FAB
Detroit, MI 48202
(313) 577-2268
thomas.cavalier@wayne.edu

## MOTION TO STRIKE STATE DEFENDANTS'
## MOTION TO DISMISS AND EXHIBITS ATTACHED THERETO

1

NOW COMES Plaintiffs, by counsel, and moves to strike the State Defendants' Motion to Dismiss (ECF No. 21) for referencing outside materials posted on government websites, including its own, and for attaching exhibits in violation of the standard for motion practice under a motion to dismiss. The State Defendants' counsel was warned of the improperness of this practice before filing and after (via concurrence) still did it anyways. After the motion was filed, Plaintiffs, by counsel, have attempted to confer with Mr. Kerr, counsel for the State Defendants, by phone and email to seek concurrence, and the attorneys cannot agree. See ED Mich LR 7.1(a). This motion now follows.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**BRIEF IN SUPPORT**

***BACKGROUND***

This lawsuit is about a blood collection and seizure program which is shockingly Orwellian. Since at least the mid-1980s, MDHHS and its officials have been quietly seizing, collecting, and indefinitely storing excessive blood samples of newborn Michiganders within 24 to 72 hours after their birth. While there is little doubt that the program has saved lives, the process the State and its officials started and operated forgot one big thing to seize, test, and store blood to extract highly personal and private medical data: informed consent. The State Defendants never sought or obtained fully informed consent from the Infants, by their Parents, _before_ taking the blood samples, and since approximately 2010 has only sought consent to use already seized blood for vague "research" purposes. Additionally, MDHHS, through its self-created private non-profit entity known as the Michigan Neonatal Biobank, has been selling blood samples to medical researchers. To keep this blood supply pool up, MDHHS purposely requires hospitals and midwives to extract more blood than necessary to conduct non-consensual medical tests and then divvies up the remaining blood to _indefinitely_ keep one sample in a MDHHS warehouse and transfers the remaining blood samples to the Michigan Neonatal Biobank. The Biobank, in turn, stores and then sells the

blood samples to researchers who conduct a variety of tests covering everything from public health studies to lab machinery calibration. In this case, nine Infants are challenging the violations of their constitutional rights. See **ECF No. 3**. There are millions of samples seize and stored across two warehouses in Michigan—one in Lansing and the other in Detroit.

On April 11, 2018, the Michigan Neonatal Biobank and its director, Dr. Yancy, filed a motion to dismiss in lieu of an answer. **ECF No. 15, 17.** They obeyed the limitations of Federal Rule 12(b)(6). On April 17, 2018, the State Defendants also moved to dismiss in lieu of an answer. Their brief in support contains numerous facts far outside the allegations in the pleadings but citing to various government websites, including its own, and attaching twelve exhibits, two of which are affidavits. This motion now follows.

### *MEMORANDUM OF LAW*

Assessment of the facial sufficiency of the complaint under Rule 12(b)(6) must ordinarily be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).[1]  The Sixth Circuit in *Bassett v NCAA*, 528 F.3d 426 (6th Cir. 2008) explains the standard for Rule 12(b)(6) motions—

---

[1] If a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion. Factual allegations contained in a complaint must raise a right to relief above the speculative level. Twombly does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff. **When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss *so long as they are referred to in the Complaint* and are central to the claims contained therein.**

*Bassett, supra*, at 430. The Sixth Circuit has, in more recent years, allowed this more expansive view in allowing for review of three more classes of records: 1.)  public records, 2.) items appearing in the record of the case, and 3.) exhibits attached to defendant's motion to dismiss. However, those classes are *conditional* and may only be considered so long as these records are a.) referred to in the Complaint and b.) are central to the claims contained therein. *Bassett, supra*, at 430; *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)(same).

### The Exhibits (ECF No. 21-2)

Here, the State Defendants have attached two affidavits of State employees, one a named party and the other not, plus a bunch of printouts

---

and all parties must be given a reasonable opportunity to present all material pertinent to the motion. *Wysocki, supra,* at 1104.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

from the State's website and the signed portions of DBS cards of only a fraction of the Infants involved in the case and does identify to which Infant the card belongs. They also attached Newborn Screening Program's promotional publications. These print outs provided by the State Defendants are not public records, but instead marketing publications of Michigan Department of Health and Human Services. Moreover, their *complete* truthfulness is in dispute in this case. For example, MDHHS asserts in its pamphlet suggesting complete confidentiality to blood spots and related data that—

> The BioTrust can use this Certificate to legally refuse to disclose information that may identify you in any federal, state, or local civil, criminal, administrative, legislative, or other proceedings, for example, if there is a court subpoena. **The BioTrust will use the Certificate to resist any demands for information that would identify you, except as explained below.**

> The Certificate cannot be used to resist a demand for information from personnel of the U.S. federal or state government agency sponsoring the project and that will be used for auditing or program evaluation of agency funded projects or for information that must be disclosed in order to meet the requirements of the federal Food and Drug Administration (FDA).

> It does not prevent you or a member of your family from voluntarily releasing information about yourself or your involvement in this research. If an insurer, medical care provider, or other person obtains your written consent to receive research information, then the BioTrust will not use the Certificate to withhold that information.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**Exhibit A.** Yet, a Freedom of Information Act request by another parent has revealed that the Department has resisted nothing and instead provided blood spots and data to courts without challenge. See **Exhibit B**. Allowing the State to stuff-the-record with its own evidence (unchallenged by discovery and disputed by Plaintiffs) and not provide Plaintiff the opportunity to gather needed evidence in discovery to oppose the merits of this secret program is unfair and prejudicial. It is nothing more than an improper Rule 56 motion guised as a motion to dismiss.

In their brief, the State Defendants cite *In re Omnicare, Inc. Securities Litigation*, 769 F. 3d 455, 466 (6th Cir. 2014) claiming that is supports their ability add any evidence it wants (and to cite its own website) as undisputed facts. However, *Omnicare* does not so hold. Instead, it explains—

> Generally, at the motion-to-dismiss stage, a federal court may consider only the plaintiff's complaint. *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 88-89 (6th Cir. 1997). However, we have recognized that *if a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claim*, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment. *Id.* at 89. Fairness and efficiency require this practice. As the Second Circuit explained in Kramer, "[w]ere courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure. Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements."

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*Omnicare, supra*, at 466. None of the exhibits attached to the State Defendants' motion to dismiss in this case are in response to references or quotes of particular documents, and none of the exhibits actually offered were to refute a plaintiff's claim about what is said in those documents.  As such, the attachment of these documents to a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is improper.[2]  Other circuits have only allowed for consideration of an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss but only if the plaintiff's claims are based on the document itself. See e.g. *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)(a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment"); *In re Donald J. Trump Casino Securities Lit.*, 7 F.3d 357, 368 fn.9 (3d Cir. 1993)("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to

---

[2] The State Defendants might claim that the motion was also premised on Rule 12(b)(1)—a challenge to this Court's jurisdiction to hear civil rights cases involving constitutional claims. The argument is borderline frivolous. This Court, of course, has jurisdiction to hearing 42 U.S.C. § 1983 actions. See 28 U.S.C. §§ 1331, 1343. Whether the claim is later successful or meritorious is a separate and distinct question from the Court's jurisdiction to hear the constitutional-based dispute. In reviewing the brief, there is no actual challenge made under Rule 12(b)(1). That line was added as nothing more than a backhanded way to get around the prohibition to attaching exhibits on a Rule 12(b)(6) motion.

a motion to dismiss if the plaintiff's claims are based on the document."); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)("[T]he district court may consider documents <u>referred to in the complaint</u> if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.").

### *Affidavits*

Attaching affidavits to a motion to dismiss is completely improper and completely outside the pleadings. *Wysocki*, *supra*, at 1104. Affidavits are for Rule <u>56</u> motions. See Fed.R.Civ.P. 56(c)(1)(a), (4). If the State Defendants want to use an affidavit, it must make *that* motion and Plaintiffs can then oppose with its own challenge affidavit. See Fed.R.Civ.P. 56(d).

### *Links to Government Websites*

Third, and closely related, the State Defendants cite more than a dozen websites to prove their factual statements made in the brief. See **ECF No. 21, PageID190, 191, 192.** This nothing more than a non-traditional way to 'attach' exhibits without actually attaching them. In support of this practice, the State Defendants cite *United States ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) to authorize this Court to take judicial notice of facts from websites run by governmental agencies. First, even assuming this is true statement of the law, the State Defendants'

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

citations to babyfirst.com is not a government website—it is run by a non-governmental non-profit known as Genetic Alliance. See About Baby's First Test, *available at* http://www.babysfirsttest.org/newborn-screening/about-babys-first-test (last accessed Apr 18, 2018). It is staff by private, not government, employees. See About Us, *available at* http://www.babysfirsttest.org/newborn-screening/our-team (last accessed Apr 18, 2018). As such, it is improper.

More critically, this practice has been directly called into question and highly limited. As the First Circuit explains, "[m]any documents in the possession of public agencies simply lack any indicia of reliability whatsoever." *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013). In response, the First Circuit has rightly limited the use of information from outside sources to only those <u>facts</u> subject to judicial notice under Federal Rule of Evidence 201. *Id.* at 37. This limited exception makes sense especially when at the motion-to-dismiss stage, a federal court may consider only the plaintiff's complaint. *Weiner*, *supra*, at 88-89; see also *Freeman, supra*, at 6 (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

FRE 201 allows this Court to take judicial notice of "a fact," not a document, that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or can be accurately and

10

readily determined from sources whose accuracy cannot reasonably be questioned. FRE 201(b)(1)-(2). However, the State Defendants never requested this Court to take such judicial notice of any particular fact. The procedural safeguard to protect the record from run-away factfinding without submitted evidence dictates that the Court to "take judicial notice on its own" or "*if a party requests it* and the court is supplied with the necessary information." FRE 201(c)(1)-(2). The State Defendants have not made any such request. Had they done so properly, Plaintiffs would have then timely requested "to be heard on the propriety of taking judicial notice and the nature of *the fact* [not the document] to be noticed." FRE 201(e). Because the State Defendants never requested it, the Court cannot allow it absent its own notice that will do so (and then Plaintiffs still have a right to objection, see FRE 201(e)).

## CONCLUSION

Motions to dismiss are not a fast-track replacement to Rule 56 motions to avoid normal discovery and disclosure of the operative facts. And Rule 56 motions are generally premature in the absence of reasonable discovery. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(the plain language of Rule 56 "mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial...."). The State Defendants' motion is attaching marketing publications (whose veracity is questioned), affidavits, website printouts, and other backdoor exhibits by linking to websites, and then making merits arguments under a motion to dismiss basis is improper. This is procedurally unfair. Absent a few exceptions which the State Defendants did not meet, assessment of the facial sufficiency of the complaint under Rule 12(b)(6) must ordinarily be undertaken *without resort to matters outside the pleadings*. *Wysocki*, *supra*, at 1104. The State Defendants must pick its procedure—a Rule 12(b)(6) on the pleadings or Rule 56 after discovery. It cannot pick the best of both (from its perspective) at this pre-answer, pre-discovery stage.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs, by counsel, respectfully request this Court to strike the State Defendants' motion and all exhibits (ECF No. 21 and 21-2), and direct the State Defendants to refile its motion and brief within a reasonable amount of time which does not resort to matters outside the pleadings if made under Rule 12(b)(6).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Date: April 18, 2018                    RESPECTFULLY SUBMITTED:

                                        /s/ Philip L. Ellison
                                        **OUTSIDE LEGAL COUNSEL PLC**
                                        **PHILIP L. ELLISON (P74117)**
                                        Counsel for Plaintiffs
                                        PO Box 107
                                        Hemlock, MI 48626
                                        (989) 642-0055
                                        pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: April 18, 2018                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

14