UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADAM KANUSZEWSKI and ASHLEY
KANUSZEWSKI as parent-guardians and
next friend to their minor children,
D.W.L., R.F.K., and C.K.K.; SHANNON
LAPORTE,
as parent-guardian and next friend to her
minor children, M.T.L. and E.M.O.; and
LYNNETTE WIEGAND, as parent-
guardian and next friend to her minor
children, L.R.W., C.J.W., H.J.W., and
M.L.W.,

       Plaintiffs,

v

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES;
NICK LYON, sued in his official and
individual capacities; DR. SANDIP
SHAH, sued in his official and individual
capacities; DR. SARAH LYON-CALLO,
sued in her official and individual
capacities; HARRY HAWKINS, sued in
his official and individual capacities;
MARY KLEYN, sued in her official and
individual capacities; MICHIGAN
NEONATAL BIOBANK, INC also
known as MICHIGAN NEONATAL
BIOREPOSITORY; DR. ANTONIO
YANCEY, sued in his official and
individual capacities,

       Defendants.

No. 18-cv-10472

HON. THOMAS L. LUDINGTON

MAG. JUDGE PATRICIA T.
MORRIS

**MOTION FOR § 1988
PREVAILING PARTY
ATTORNEYS' FEES**

Philip L. Ellison (P74117)
Attorney for Plaintiffs
Outside Legal Counsel PLC
P.O. Box 107
Hemlock, MI 48626
(989) 642-0055

_____

Christopher L. Kerr (P57131)
Thomas S. Marks (P69868)
Aaron W. Levin (P81310)
Attorneys for Defendants
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30755
(517) 373-1160

_____

Thomas F. Cavalier (P34683)
Attorney for Dr. Antonio Yancey, in his individual capacity only
Office of General Counsel
Wayne State University
656 W. Kirby, 4249 FAB
Detroit, MI 48202
(313) 577-2268

_____

Jerold Lax (P16470)
Jeremy Kennedy (P64821)
Attorneys for Michigan Neonatal Biobank, Inc. and Dr. Antonio Yancey in his
capacity as Director of the Michigan Neonatal Biobank, Inc. only
24 Frank Lloyd Wright Drive, Suite D2000
Ann Arbor, MI 48105
(734) 665-4441

_____/

## MOTION FOR § 1988 PREVAILING PARTY ATTORNEYS' FEES

The State Defendants file this motion in accordance with Fed. R. Civ. P.

54(d)(2) and Local Rule 54.1.2, seeking attorneys' fees pursuant to 42 U.S.C. §

1988 as a prevailing party in a § 1983 action.  For the reasons stated in the attached brief, the State Defendants request $30,000 in attorneys' fees.

In accordance with E.D. Mich. L.R. 7.1(a), counsel for the State Defendants made reasonable efforts to contact counsel for Plaintiffs via telephone on September 5, 2018 to explain the nature and legal basis of this motion; however, Plaintiffs' counsel could not be reached to conduct the conference and concurrence was not obtained.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ Aaron W. Levin
Assistant Attorney General
Attorneys for Defendants
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
LevinA@michigan.gov
P81310

Dated:  September 5, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Aaron W. Levin
Assistant Attorney General
Attorneys for Defendants

Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
Levina@michigan.gov
P81310

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ADAM KANUSZEWSKI and ASHLEY KANUSZEWSKI as parent-guardians and next friend to their minor children, D.W.L., R.F.K., and C.K.K.; SHANNON LAPORTE, as parent-guardian and next friend to her minor children, M.T.L. and E.M.O.; and LYNNETTE WIEGAND, as parent-guardian and next friend to her minor children, L.R.W., C.J.W., H.J.W., and M.L.W., | No. 18-cv-10472

HON. THOMAS L. LUDINGTON

MAG. JUDGE PATRICIA T. MORRIS |
|      Plaintiffs, | **BRIEF IN SUPPORT OF MOTION FOR § 1988 PREVAILING PARTY ATTORNEYS' FEES** |
| v | |
| MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES; NICK LYON, sued in his official and individual capacities; DR. SANDIP SHAH, sued in his official and individual capacities; DR. SARAH LYON-CALLO, sued in her official and individual capacities; HARRY HAWKINS, sued in his official and individual capacities; MARY KLEYN, sued in her official and individual capacities; MICHIGAN NEONATAL BIOBANK, INC also known as MICHIGAN NEONATAL BIOREPOSITORY; DR. ANTONIO YANCEY, sued in his official and individual capacities, | |
|      Defendants. | |

Philip L. Ellison (P74117)
Attorney for Plaintiffs
Outside Legal Counsel PLC
P.O. Box 107
Hemlock, MI 48626
(989) 642-0055

_____

Christopher L. Kerr (P57131)
Thomas S. Marks (P69868)
Aaron W. Levin (P81310)
Attorneys for Defendants
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30755
(517) 373-1160

_____

Thomas F. Cavalier (P34683)
Attorney for Dr. Antonio Yancey, in his individual capacity only
Office of General Counsel
Wayne State University
656 W. Kirby, 4249 FAB
Detroit, MI 48202
(313) 577-2268

_____

Jerold Lax (P16470)
Jeremy Kennedy (P64821)
Attorneys for Michigan Neonatal Biobank, Inc. and Dr. Antonio Yancey in his
capacity as Director of the Michigan Neonatal Biobank, Inc. only
24 Frank Lloyd Wright Drive, Suite D2000
Ann Arbor, MI 48105
(734) 665-4441

_____/

## BRIEF IN SUPPORT OF MOTION FOR § 1988 PREVAILING PARTY ATTORNEYS' FEES

<u>/s/ Aaron W. Levin</u>
Assistant Attorney General
Attorneys for Defendants
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
LevinA@michigan.gov
P81310

Dated:  September 5, 2018

# TABLE OF CONTENTS

Page

Table of Contents ..........................................................................i

Index of Authorities......................................................................ii

Concise Statement of Issues Presented .........................................iv

Controlling or Most Appropriate Authority ...................................v

Introduction..................................................................................1

Statement of Facts ........................................................................2

Argument ......................................................................................4

I.      The prevailing party in a § 1983 action is entitled to seek attorneys'
        fees................................................................................5

        A.      Plaintiffs' lawsuit was frivolous at the outset, and they should
                have known it was frivolous no later than at the time they filed
                their First Amended Complaint. ....................................7

        B.      The State Defendants seek a reasonable attorneys' fee. ................11

Conclusion and Relief Requested .................................................15

Certificate of Service ...................................................................16

# INDEX OF AUTHORITIES

Page

## Cases

*Brown v. Borough of Chambersburg*, 903 F.2d 274 (3rd Cir. 1990) ................... 5

*Buchanan v. Stanships, Inc.*, 485 U.S. 265 (1988) ............................. 5

*Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1978) ........................................................ 6

*Dabbs v. Bolin*, 21 F.3d 427 (6th Cir. 1994) ................................... 6

*Fox v. Vice*, 563 U.S. 826 (2011) ............................................. 6

*Fuhr v. School District of the City of Hazel Park*, 364 F.3d 753 (6th Cir. 2004) ...................................................................... 12

*Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624 (6th Cir. 2009) .............. 6

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) ..................... 5

*Hughes v. Rowe*, 449 U.S. 5 (1980) ................................................ 6

*Johnson v. City of Clarksville*, 256 F. App'x 782 (6th Cir. 2007) ...................... 12

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010) ................................ 11

*Raub v. Moon Lake Prop. Owners' Ass'n*, 718 F. App'x 407 (6th Cir. 2018) ......... 5

*Reed v. Country Miss, Inc.*, 57 F.3d 1070 (6th Cir. 1995) .................................. 4

*Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980) ....................................... 5

*Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1374 n. 1 (6th Cir. 1987) ................................ 5

*Smith v. Smythe-Cramer Co.*, 754 F.2d 180 (6th Cir. 1985) .............................. 6

*Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252 (6th Cir. 1997) ............................................................................................... 5

*Tarter v. Raybuck*, 742 F.2d 977 (6th Cir. 1984) ............................................... 6

*The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016) ................................................................................................ 12

*White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445 (1982) ............ 5

## Statutes

42 U.S.C. § 1983 .............................................................................................. 1

42 U.S.C. § 1988 ...................................................................................... 1, 4, 5

## Rules

Fed. R. Civ. P. 54 ............................................................................................ 4

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.     The State Defendants are entitled to seek attorneys' fees as a prevailing party in a § 1983 action. The State Defendants should be awarded a reasonable attorneys' fee because Plaintiffs complaint was frivolous, unreasonable, and without foundation both at the time of filing and after Plaintiffs amended their complaint.

2.     The State Defendants seek a reasonable attorneys' fee based on the median market rate for similarly experienced attorneys doing similar work. To avoid litigating this issue, and because counsel does not bill hourly, the State Defendants base their request for fees on a reasonable underestimate of the hours spent defending this lawsuit.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- 42 U.S.C. § 1988.
- *Hughes v. Rowe*, 449 U.S. 5 (1980).
- *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010).

## INTRODUCTION

Section 1988(b) provides that a trial court may award attorneys' fees as part of the taxable costs to the prevailing party in a lawsuit brought under 42 U.S.C. § 1983. To be entitled to attorneys' fees under 42 U.S.C. § 1988, Defendants not only must be the prevailing party, but must also show that Plaintiffs' lawsuit was frivolous, unreasonable, or without foundation.

Here, Plaintiffs knew or should have known that their lawsuit was frivolous, unreasonable, or without foundation from the outset, but particularly after the State Defendants filed their first motion to dismiss showing that several Plaintiffs expressly consented to the use of their children's dried blood spots in research, yet they continued to pursue this action. This Court correctly granted the State Defendants' motion to dismiss the First Amended Complaint, and now, as a prevailing party in a § 1983 action, the State Defendants seek attorneys' fees pursuant to 42 U.S.C. § 1988.

The State Defendants' attorneys spent considerable time defending this lawsuit and seek a reasonable fee based on the median market rate for similarly experienced attorneys in the area and, to avoid needing to litigate this issue, a significantly underestimated number of hours spent working on this case. The circumstances of this case support awarding the State Defendants $30,000 in attorneys' fees.

## STATEMENT OF FACTS

On February 8, 2018, Plaintiffs filed their complaint in this lawsuit. (R. 1, Compl., Pg. ID# 1.) This complaint was deficient, and Plaintiffs filed what they titled as a "corrected complaint" on February 17, 2018. (R. 3, Corrected Compl., Pg. ID# 42.) The State Defendants—Mary Kleyn, Sarah Lyon-Callo, Nick Lyon, Sandip Shah, and the Michigan Department of Health and Human Services— waived service on March 9, 2018. (R.6, Waivers of Service, Pg. ID# 100.)

On April 9, 2018, the State Defendants filed a motion for leave to file excess pages. (R. 9, Ex Parte Motion for leave to file excess pages, Pg. ID# 109.) Plaintiffs filed a response the same day. (R. 10, Response to State Defendants' Ex Parte motion for page length extension, Pg. ID# 112.) On April 17, 2018, the State Defendants filed a motion to dismiss. (R. 21, State Defendants' Motion to Dismiss, Pg. ID# 171.) This motion argued, among other things, that Plaintiffs' corrected complaint should be dismissed for failure to state a claim under Rule 12(b)(6), lack of standing, and governmental immunity.

Plaintiffs filed a motion to strike on April 18, 2018, taking issue with the attachments to the State Defendants' brief despite the inclusion of the authority under which the attachments are allowable. (R. 23, Motion to Strike Motion to Dismiss, Pg. ID# 270.) Before the State Defendants could file a response to this motion, the Court issued an order denying the motion to strike because it was not

supported by the Federal Rules of Civil Procedure. (R. 25, Order Denying Motion to Strike and Granting Motion for an Extension, Pg. ID# 298.)

Rather than respond to the State Defendants' Motion, Plaintiffs filed a First Amended Complaint on April 30, 2018. (R. 26, First Amended Complaint, Pg. ID# 300.) This complaint did not correct any of the issues raised in the State Defendants' Motion to Dismiss. Rather, it simply added more unfounded claims without providing any factual basis supporting them. Nevertheless, nearly three months, and more than 300 pages of record, after their initial filing, Plaintiffs essentially restarted this case.

Because the First Amended Complaint mooted the State Defendants' initial Motion to Dismiss, the State Defendants' were required to file another Motion to Dismiss addressing the First Amended Complaint on May 29, 2018. (R. 32, State Defendants' Motion to Dismiss First Amended Complaint, Pg. ID# 477.) The State Defendants reiterated that Plaintiffs had still failed to state a claim, failed to establish jurisdiction in this Court, and failed to plead in avoidance of governmental immunity. Plaintiffs responded to this motion on July 6, 2018. (R. 45, Plaintiffs' Response to Certain State Defendants' Motion to Dismiss, Pg. ID# 696.) The State Defendants filed a Reply on August 1, 2018. (R. 49, Reply to Response to Motion to Dismiss Plaintiffs' First Amended Complaint, Pg. ID# 815.)

On August 7, 2018, this Court issued a text-only notice cancelling the oral arguments previously scheduled for August 21, 2018. Then, on August 8, 2018, this Court issued its Order Granting Motions to Dismiss and Dismissing Complaint with Prejudice. (R. 50, Order Granting Motions to Dismiss and Dismissing Complaint with Prejudice (08/08/18 Order), Pg. ID# 825.) Judgment was issued the same day (R. 51, Judgment, Pg. ID# 848.) Later that same day, Plaintiffs filed a notice of appeal. (R. 52, Notice of Appeal, Pg. ID# 848.)

The State Defendants now file this motion in accordance with Fed. R. Civ. P. 54(d)(2) and Local Rule 54.1.2, seeking attorneys' fees pursuant to 42 U.S.C. § 1988 as a prevailing party in a § 1983 action.[1]

## ARGUMENT

Although a notice of appeal has already been filed in this case, the State Defendants' statutory right to seek attorneys' fees may not be lost in a race to the courthouse; the Court may properly consider a motion for attorneys' fees. "The timely filing of a notice of appeal divests a district court of jurisdiction over a case, except as to matters collateral to the main cause of action." *Reed v. Country Miss, Inc.*, 57 F.3d 1070 (6th Cir. 1995) (citing *Griggs v. Provident Consumer Discount*

---

[1] The State Defendants also reserve their rights to file for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927. The State Defendants also wish to preserve their rights to request attorney fees and sanctions upon conclusion of the appeal in this matter.

*Co.*, 459 U.S. 56, 58 (1982)). A request for costs under § 1988 is "wholly collateral to the judgment." *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) (citing *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982)).

Further, the Local Rules allow for the filing of a motion for attorneys' fees within 28 days after the entry of a judgment. E.D. Mich. R. 54.1.2; *Raub v. Moon Lake Prop. Owners' Ass'n*, 718 F. App'x 407, 409 (6th Cir. 2018); *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997).

## I.     The prevailing party in a § 1983 action is entitled to seek attorneys' fees.

"In any action or proceeding to enforce a provision of sections . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs . . . ."  42 U.S.C. § 1988. "[A]n award under section 1988 may only be charged against the losing party, not the party's attorney." *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1374 n. 1 (6th Cir. 1987) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 761 & n. 9 (1980)); *Brown v. Borough of Chambersburg*, 903 F.2d 274, 276-77 (3rd Cir. 1990).

For a defendant to recover attorneys' fees under § 1988 from a plaintiff, the court must find that the "action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Hughes v. Rowe*, 449 U.S. 5, 14

(1980) (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978)).

> To determine whether a suit is frivolous, we consider "whether the issue is one of first impression requiring judicial resolution, *whether the controversy is sufficiently based upon a real threat of injury to the plaintiff*, whether the trial court has made a finding that the suit was frivolous under the *Christiansburg* guidelines, and whether the record would support such a finding."

*Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 636 (6th Cir. 2009) (citing *Tarter v. Raybuck*, 742 F.2d 977, 986 (6th Cir. 1984)) (emphasis added). A claim may be unreasonable where no reasonable person could think that he would succeed on the claim. See *Dabbs v. Bolin*, 21 F.3d 427 (6th Cir. 1994). A claim is without foundation where it is meritless or groundless. *Hughes*, 449 U.S. at 14.

In a suit "involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorneys' fees he expended solely because of the frivolous allegations." *Fox v. Vice*, 563 U.S. 826, 840-41 (2011). "A plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset or 'that the plaintiff *continued to litigate after it clearly became so*.'" *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) (quoting *Christiansburg*, 434 U.S. at 422) (emphasis added)).

**A.     Plaintiffs' lawsuit was frivolous at the outset, and they should have known it was frivolous no later than at the time they filed their First Amended Complaint.**

Plaintiffs' initial complaint had numerous deficiencies. Despite the State Defendants' filing of a Motion to Dismiss, Plaintiffs continued to pursue this litigation and filed a First Amended Complaint that did not cure any of the noted defects. The State Defendants were then required to spend additional hours crafting another Motion to Dismiss seeking dismissal of this frivolous lawsuit.

The most glaring defect in this case was that "Plaintiffs have not pled facts demonstrating that their blood samples were used contrary to their express wishes." (R. 50, 08/08/18 Order, p. 12) The Amended Complaint *concedes* that "the parents 'might have been presented with a card giving the Parents an option of whether they want their Infants' *already* illegally seized and tested blood to be donated to medical research.'" (*Id.* at 12-13, quoting First Amended Complaint, ¶ 46.) In fact, the State Defendants attached these forms to its motion to dismiss, and, "[a]t a minimum, these exhibits, *in conjunction with Plaintiffs' own allegations and exhibits*, establish that Plaintiffs were provided consent forms allowing them to opt into or opt out of their infant's blood sample being used for research." (*Id.* at 13 (emphasis added).) Said another way, Plaintiffs were on notice of these defects long before they filed their initial complaint of what the program

entailed, and several Plaintiffs expressly consented to it. All had a remedy available to them before filing this lawsuit and none took advantage of it.

These exhibits also provide another noteworthy example of why this case warrants payment of attorneys' fees. Plaintiffs imply "that the consent form was deficient, but [do] not explain why."[2] (*Id.* at 14.) And Plaintiffs "made no effort to explain how the retention and use of the blood samples constitutes an independent violation" of the Fourteenth Amendment. (*Id.*) This is because such an argument is frivolous, unreasonable, or without foundation. Rather than clarify or withdraw this argument, Plaintiffs submitted an incomplete argument in the hope that the Court would develop the argument on their behalf.

Substantively, Plaintiffs described *Cruzan* as the "foremost authority" for this case. (R. 45, Response to State Defendants' Motion to Dismiss First Amended Complaint, p. 23, Pg. ID# 723.) However, in its 08/08/18 Order, the Court made clear that "[t]here does not appear to be any legal authority supporting the notion that children have a constitutionally protected liberty interest in their parent or guardian making medical decisions on their behalf," specifically noting that it is "self-evident" that "*Cruzan* is inapplicable to this case" because children are not competent to make their own medical decisions. (R. 50, 08/08/18 Order, p. 6.) The State Defendants made this argument in both their initial Motion to Dismiss and

---

[2] The State Defendants suggest that Plaintiffs' use of "ask" and "force" synonymously was not in error, but rather another unfounded factual assertion.

their Motion to Dismiss the First Amended Complaint. (E.g., R. 21, State Defendants' Motion to Dismiss, pp. 26-27, Pg. ID# 214-15; R. 32, Motion to Dismiss First Amended Complaint, p. 22, Pg. ID# 215). Reliance on *Cruzan* for Plaintiffs' position was frivolous, unreasonable, and without foundation.

The Court went on to note that "none of the authority provided by Plaintiffs in their response brief supports the proposition that the right of a parent to make decisions concerning the care, custody, and control of their children includes the right to refuse potentially life-saving testing or treatment on the infant's behalf." (R. 50, 08/08/18 Order, p. 10.) Said another way, Plaintiffs' position is unfounded. Lacking any authority for this proposition, Plaintiffs should have known that this crucial portion of their argument was not reasonable. Rather, Plaintiffs cited "cases supporting broad principles of constitutional law" that do "not help resolve the present inquiry, namely whether the facts as pled in this case demonstrate action by the State that violates Plaintiffs' substantive due process rights." (*Id.*) This is because there is no such action by the State, which Plaintiffs should have known at filing, or at least when put on notice of these defects by State Defendants' April 17 motion to dismiss. (R. 21).

As it relates to retention and use of blood samples, the Court observed that Plaintiffs "devote[d] minimal effort toward explaining or supporting the notion that the retention and use [of dried blood spots] violates their substantive due process

rights." (*Id.* at 12.) Further, "[t]o the extent the amended complaint may be read to allege some vague privacy interest that is implicated by the retention and use of the blood, that theory is certainly not developed in the complaint or briefed in Plaintiffs' response." (*Id.*) Again, this is because the position is unfounded.

The Court also, briefly, discussed standing and noted the requirement that Plaintiffs "demonstrate that *they* (and not some third party) suffered an injury in fact." (*Id.* at 21). Plaintiffs concerns are based entirely on vague fears of what might happen to non-parties. (*Id.*) The Court found these concerns "entirely hypothetical." (*Id.*) The State Defendants raised this argument repeatedly in their initial Motion to Dismiss, and Plaintiffs did not cure this deficiency when they amended their complaint. Thus, Plaintiffs' lawsuit was frivolous at the time of filing *and Plaintiffs continued to litigate the same frivolous arguments* after Plaintiffs were put on notice of these defects and amended their complaint.

In addition to these bases on which the Court dismissed the case, there remain other reasons this case was frivolous warranting attorneys' fees. Some of these reasons have been conceded by Plaintiffs in their briefs. For example, Plaintiffs conceded that:

- They named "control-level officials" they believe "have been part" of the newborn screening program, (R. 45, Response to State Defendants' Motion to Dismiss First Amended Complaint, p. 13, Pg.

ID# 713), even though vicarious liability is not available under §
1983.

- The Michigan Department of Health and Human Services is protected
  by sovereign immunity and should be dismissed as a party. (*Id.* at 18).

- "Frankly, Plaintiffs do not know what each defendant 'specifically'
  did but discovery will bear that out." (*Id.* at 21.) This case was, from
  the start, a fishing expedition.

These concessions and defects make clear that Plaintiffs should have known
that this lawsuit was frivolous, unreasonable, or without foundation at filing. Even
if they did not, Plaintiffs were aware of these defects prior to filing their First
Amended Complaint and did not correct these problems, instead choosing to
continue litigating a frivolous case. Thus, the State Defendants are entitled to
attorney fees pursuant to § 1988.

**B.      The State Defendants seek a reasonable attorneys' fee.**

Attorneys' fees are generally calculated using the lodestar method. *Perdue v.
Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). The lodestar method "looks to
prevailing market rates in the relevant community" and "produces an award that
*roughly* approximates the fee that the prevailing attorney would have received if he
or she had been representing a paying client who was billed by the hour in a
comparable case." *Id.*; *See also Johnson v. City of Clarksville*, 256 F. App'x 782,

784 (6th Cir. 2007) (using market rates instead of hourly salary). "[D]istrict courts are not required to act as 'green-eyeshade accountants' and 'achieve auditing perfection' but instead must simply to [sic] do 'rough justice.' This means that the court can rely on estimates based on its 'overall sense of a suit.'" *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016) (quoting *Fox*, 563 U.S. at 838). In determining fees, a district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney. *Fuhr v. School District of the City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004).

Three attorneys appeared in this case for the State Defendants—Christopher L. Kerr, Thomas S. Marks, and Aaron W. Levin. Mr. Kerr has been an attorney for 21 years. (Affidavit of Christopher L. Kerr (Exhibit A).) Dr. Marks has been an attorney for 12 years and is also an MD and MBA. (Affidavit of Thomas S. Marks (Exhibit B).) Mr. Levin has been an attorney for approximately two years. (Affidavit of Aaron W. Levin (Exhibit C).) In 2017, the median billing rate in Michigan for an attorney with 16-25 years was $253 per hour, while for an attorney with 11-15 years it was $250 per hour, and for an attorney with 1-2 years of practice was $200. (2017 Economics of Law Practice, Attorney Income and Billing Rate Summary Report, State Bar of Michigan, p. 4 (Exhibit D).) The median billing rate for offices in the Lansing area was $227 per hour. *Id.* at 5. The median rate for a civil litigation practice was $250 per hour, while for a civil rights

practice it was $288 per hour. *Id.* It is also important to note that while counsel was not billing a client by the hour, a great deal of taxpayer resources were expended defending this lawsuit. Based on counsel's experience and ability, the State Defendants believe a market rate of $300 per hour for Mr. Kerr and Dr. Marks and $200 per hour for Mr. Levin is entirely reasonable in calculating attorneys' fees in this case.

The record demonstrates how much effort went in to this case. As it stands now, without including this motion, there are almost 850 pages in the record for a case that only reached motions to dismiss. Counsel filed several extensive briefs, in addition to reviewing the lengthy pleadings by Plaintiffs and the pleadings of the other defendants. These briefs are the result of a great deal of time spent researching the law and the facts.

The challenge in this context is that counsel does not bill hourly. To the best of their recollections, counsel believes that collectively over 200 hours were spent working on this case. Mr. Kerr worked approximately 100 hours on this case (Exhibit A); Dr. Marks worked approximately 60 hours (Exhibit B); and Mr. Levin worked approximately 80 hours (Exhibit C). However, in order to avoid having to litigate this issue, counsel seeks payment for less than half of the hours worked. While a reduction may be appropriate where attorneys have to reconstruct their hours from memory, see *Hensley*, 461 U.S. at 428-29, counsel believes its request

more than accounts for such a reduction. Thus, while counsel believes attorneys'
fees totaling at least $64,000 may be warranted, only $30,000 is sought; reflecting
a market rate of $300 per hour for Mr. Kerr and Dr. Marks and $200 per hour for
Mr. Levin for a reduced number of hours.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, the State Defendants seek $30,000 in attorneys' fees under § 1988 as a prevailing party in a § 1983 action.

Respectfully submitted,

Bill Schuette
Attorney General


/s/ Aaron W. Levin
Assistant Attorney General
Attorneys for Defendants
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
LevinA@michigan.gov
P81310

Dated:  September 5, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2018, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic copies to counsel of record.

/s/ Aaron W. Levin
Assistant Attorney General
Attorneys for Defendants
Corporate Oversight Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160
LevinA@michigan.gov
P81310

Dated:  September 5, 2018