# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ADAM KANUSZEWSKI, et al,
    *Plaintiffs*,

    v.

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN
SERVICES, et al,
    *Defendants*

_____/

Case No.: 18-cv-10472

Hon. Thomas L. Ludington,
District Court Judge

Hon. Patricia T. Morris,
Magistrate Judge

PHILIP L. ELLISON (P74117)
Outside Legal Counsel PLC
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

JEREMY C. KENNEDY (P64821)
JEROLD LAX (P16470)
Pear Sperling Eggan & Daniels, PC
Counsel for Michigan Neonatal
BioBank Inc and Dr. Antonio
Yancey (Personal Capacity)
24 Frank Lloyd Wright Dr, #D2000
Ann Arbor, MI 48105
(734) 665-4441
jkennedy@psedlaw.com
jlax@psedlaw.com

CHRISTOPHER L. KERR (P57131)
THOMAS S. MARKS (P69868)
Assistant Attorneys General
Michigan Dept of Attorney General
Corporate Oversight Division
Attorneys for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160

THOMAS F. CAVALIER (P34683)
Office of the General Counsel
Wayne State University
Counsel for Dr. Antonio Yancey
(Personal Capacity)
656 W. Kirby, 4249 FAB
Detroit, MI 48202
(313) 577-2268
thomas.cavalier@wayne.edu

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

---

## PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' REQUEST FOR PREVAILING PARTY COSTS AND FEES

NOW COME Plaintiffs, by counsel, and fully opposes the request of the State Defendants request for prevailing party fees under 42 U.S.C. § 1988 for the reasons outlined in the attached brief and particularly due to their not meeting the standards articulated by the US Supreme Court in *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1978) and its progeny.

To the extent this Court believes otherwise, the amount should be capped at the actual hourly fees of these attorneys as outlined and to allow Plaintiffs limited discovery to get proof of their actual hourly rates based upon their actual salaries pursuant to Fed.R.Civ.P. 54(d)(B)(iv).

Date: October 4, 2018

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs
PO Box 107, Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ADAM KANUSZEWSKI, et al,
  *Plaintiffs*,

   v.

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN
SERVICES, et al,
  *Defendants*

_____/

Case No.: 18-cv-10472

Hon. Thomas L. Ludington,
District Court Judge

Hon. Patricia T. Morris,
Magistrate Judge

PHILIP L. ELLISON (P74117)
Outside Legal Counsel PLC
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

JEREMY C. KENNEDY (P64821)
JEROLD LAX (P16470)
Pear Sperling Eggan & Daniels, PC
Counsel for Michigan Neonatal
BioBank Inc and Dr. Antonio
Yancey (Personal Capacity)
24 Frank Lloyd Wright Dr, #D2000
Ann Arbor, MI 48105
(734) 665-4441
jkennedy@psedlaw.com
jlax@psedlaw.com

CHRISTOPHER L. KERR (P57131)
THOMAS S. MARKS (P69868)
Assistant Attorneys General
Michigan Dept of Attorney General
Corporate Oversight Division
Attorneys for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 373-1160

THOMAS F. CAVALIER (P34683)
Office of the General Counsel
Wayne State University
Counsel for Dr. Antonio Yancey
(Personal Capacity)
656 W. Kirby, 4249 FAB
Detroit, MI 48202
(313) 577-2268
thomas.cavalier@wayne.edu

---

## BRIEF REGARDING PLAINTIFFS' PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' REQUEST FOR PREVAILING PARTY COSTS AND FEES

## QUESTIONS PRESENTED

### I.
**Is E.D. Mich. LR 54.1.2 lawful as
utilized by the State Defendants?**

Answer: No.

### II.
**Does the State Defendants' request meet the standards outlined in
*Christiansburg Garment Co. v. Equal Employment Opportunity
Comm'n*, 434 U.S. 412 (1978) and its progeny?**

Answer: No.

### III.
**Does the State Defendants' request meet the evidentiary
requirements required pursuant to E.D. Mich. LR 54.1.2?**

Answer: No.

### IV.
**Are the State Defendants' entitled to
amount of attorney fees demanded?**

Answer: No.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## <u>MOST RELEVANT AUTHORITY</u>

*Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*,
434 U.S. 412 (1978)

*Tarter v. Raybuck*,
742 F.2d 977 (6th Cir. 1984)

42 U.S.C. § 1988

Fed.R.Civ.P. 54

E.D. Mich. LR 54.1.2

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**OPPOSITION BRIEF**

This case involves a first impression challenge to the Newborn Screening Program operated by the State of Michigan, its officials and its outside partners by seizing, collecting, testing, indefinitely storing, and utilizing/selling excess blood samples of newborn Michiganders without prior parental consent. Plaintiffs, consisting of infants and parents, alleged these actions violated the Fourth and Fourteenth Amendments and believed they pled a plausible claim. As discussed below, a Texas federal judge presented with the near identical case found that such are plausible claims. *Beleno v. Lackey*, 306 F.Supp.3d 930 (W.D. Tex. 2009). This Court disagreed,[1] **ECF No. 50**, and dismissed the case pursuant to Rule 12(b)(6), **ECF No. 51**. The State Defendants now seek an award of prevailing party costs and attorney fees under 42 U.S.C. § 1988. They have not met their requirements. The motion should be denied.

**I.**

**Timeliness**

As a preliminary matter, Plaintiffs assert the State Defendants' motion was untimely filed under Federal Rule 54. "[A] claim for attorney's fees and related nontaxable expenses must be made by motion." Fed.R.Civ.P.

---

[1] Plaintiffs have appealed to the Sixth Circuit.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

54(d)(2)(A). "Unless a statute or a court order provides otherwise, the motion must... be filed no later than *14 days* *after the entry of judgment.*" Fed.R.Civ.P. 54(d)(2)(B)(i). Judgment was entered by this Court on August 8, 2018. The State Defendants did not file their motion until 28 days later on September 5, 2018. Thusly, the motion is untimely.

The State Defendants will likely direct this Court to excuse its non-compliance with Rule 54 by pointing to E.D. Mich. LR 54.1.2 which provides that such a motion "must be filed no later than 28 days after entry of judgment." Originally, local district courts were allowed to make their own deadlines on such a motion. *White v. New Hampshire Dep't. of Employment Security*, 455 U.S. 445, 454 (1982). That was true then. That changed in 1993 when White was superseded by a Rule Amendment in the 1990s. A 14-day deadline was enacted by Congress and the Judicial Conference in 1993 because the prior rule did not proscribe a deadline. That rules now provides a strict deadline with two exceptions. Courts are required to give the Federal Rules of Civil procedure when "plain meaning" and when the terms are "unambiguous, judicial inquiry is complete." *Pavelic & LeFlore v Marvel Enter. Group*, 493 U.S. 120, 123 (1989). Moreover, "courts should not generally depart from the usual practice under the Federal Rules on the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

basis of perceived policy concerns." *Jones v. Bock*, 549 U.S. 199, 212 (2007).

The plain language of Rule 54 is clear: only when "a *statute* or a *court order* provides otherwise" may the deadline be extended. The State Defendants have neither. The local rules are not court orders, they are "rules." Every litigator knows an order of this Court and the Federal Rules of Civil Procedure are not the same thing. Fed.R.Civ.P. 83(a)(1)("a district court, acting by a majority of its district judges, may adopt and amend <u>*rules*</u> governing its practice."). Taking the position undertaken by other circuits is directly contrary to the rules of interpretation required by the Supreme Court in *Pavelic* and contrary to the admonishment of the Supreme Court to use 'policy concerns' in *Jones* to depart from the express practice required by the Federal Rules. Cf. *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2nd Cir. 2004). "A local rule must be consistent with—but not duplicate—federal statutes and rules adopted." *Id.*

On a quick reading, it appears that the two rules are in conflict with each other. If they are, the federal rules prevail over the local rule. *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) ("And local rules, by law, cannot conflict with federal rules"); *Ramirez v. County of San*

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("If in conflict, the Local Rule must yield to the federal rule").

However, a narrow reading can be had. The Federal Rules require any motion to filed within 14 days. That deadline can be extended by seeking *an order* of this Court, but at no time may the deadline of the filing exceed 28 days post-judgment as imposed upon this particular court by the time-cap of E.D. Mich. LR 54.1.2. In other words, the State Defendants must file its motion within 14 days or may seek an order granting an extension; however, this Court is precluded from extending that deadline beyond 28 days under E.D. Mich. LR 54.1.2. They did not, and thus their motion is untimely and improper.

## II.

### The Heightened Standard

Next, the State Defendants correctly cite *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1978) and its treatment of requests for prevailing party fees. The *Christiansburg* standards apply to suits subject to the fee provisions of section 1988. *Tarter v. Raybuck*, 742 F.2d 977, 985-986 (6th Cir. 1984). "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a [civil rights] case upon a finding that the plaintiff's action was frivolous, unreasonable, or without

foundation, even though not brought in subjective bad faith." *Id.*, at 421. That discretion is exercised against the backdrop that civil rights fee shifting was intended "to promote rigorous enforcement" of laws by private plaintiffs regardless of their ability to pay for representation. *Id.*, at 422. The Supreme Court has commanded that "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.*, at 422. The purpose of this heightened requirement is that it reduces the "chilling effect on a plaintiff who seeks to enforce his/her civil rights." *Riddle v. Egensperger*, 266 F.3d 542, 551 (6th Cir. 2001).

Therefore, the question before this Court is whether the State Defendants have *proven* that this case for first impression for this Circuit is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." They have failed their burden.

## A.

## Frivolous, Unreasonable, or Groundless

This lawsuit was the first of its type in Michigan and the Sixth Circuit. That alone is enough to be a failure to meet the *Christiansburg* standard. *Christiansburg, supra*, at 424 (The Supreme Court in *Christiansburg* found

that an award of attorney fees to the prevailing defendant was not warranted because plaintiff's suit presented an issue of first impression that was not frivolous.). However, this lawsuit was not the very first in the United States. That honor belongs to Texas in *Beleno v. Lackey*, 306 F.Supp.3d 930 (W.D. Tex. 2009). Plaintiffs premised their case on this precedence. In *Beleno*, a class action was proposed to challenge the deprivation of liberty and privacy rights under the Fourth and Fourteenth Amendments as to Texas' similar program of newborn screening. Texas was "expropriating an infant's blood sample indefinitely, without their knowledge or consent, effectively making it [Texas'] property for undisclosed non-consensual purposes unrelated to the purposes for which the infants' blood was originally drawn." *Id.* The *Beleno* defendants also filed a Rule 12(b)(6) motion and, in relevant part, it was denied. The district court concluded that "defendants have routinely collected blood samples from all babies in Texas at time of birth and stored this blood or 'spots' indefinitely at the TAMHSC (the Texas A&M University System Health Science Center) for undisclosed research unrelated to the purposes for which the blood was originally drawn, without the knowledge or consent of the parents, and will continue to do so." Being state actors were alleged to have done this, the district court found these allegations were "enough

facts to state a claim for relief under the Fourth Amendment which is plausible on its face" to warrant denial of dismissal.[2]

The same resulted for the Fourteenth Amendment claim in *Beleno*. The district court "decline[d] to find at this early stage in the proceedings that defendants' citations to general protocols show that plaintiffs have failed to state a violation of Fourteenth Amendment liberty and privacy interests for defendants' alleged handling of their infants' blood spots."

In essence, the federal district judge in *Beleno* came out with a published decision—years before—which is directly opposite of this Court's ultimate conclusion in this case. But that was not Plaintiffs only precedence which supports their side. Plaintiffs also pointed this Court to *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1212-1213 (10th Cir. 2003) *cert. denied*, 540 U.S. 1179 (2004) which this Court distinguished on a single point. Plaintiffs also built non-frivolous arguments as to Fourth and Fourteenth Amendment rights of parents and children using numerous Supreme Court opinions to a new and untested factual scenario. The Sixth Circuit has concluded that "the mere fact that allegations prove legally insufficient" does not "render a complaint

---

[2] In response to the denial to dismiss in this case, Texas voluntarily destroyed the 'stolen' newborn blood samples. Peggy Fikac, *State to Destroy Newborns' Blood Samples*, HOUSTON CHRON., Dec 22, 2009, *available at* https://www.chron.com/news/houston-texas/article/State-to-destroy-newborns-blood-samples-1599212.php.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

groundless under *Christiansburg*." *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985).

As such, there is actual precedence *supporting* the assertions made and causes of actions pled by Plaintiffs.[3] That is more than enough to be outside the penalty danger zone under the *Christiansburg* standard. This is because "[p]revailing defendants have a far greater burden to justify an award of attorney's fees." *Coalition to Defend Affirmative Action v. Regents of the Univ. of Michigan*, 719 F. Supp. 2d 795, 801 (E.D. Mich. 2010). Moreover, no single case has held that Michigan's unique newborn screening program was or was not constitutional. A suit that presents an issue of first impression weakens a finding that the suit was frivolous. *Christiansburg*, *supra*, at 424. Therefore, this case was not, by definition, frivolous, unreasonable, or groundless. The "Sixth Circuit affirms awards of attorney fees *only* when plaintiffs relitigated *already-settled* legal matters, and we reverse the award of attorney fees when issues of law remained unresolved or when a 'plaintiff ha[d] an arguable basis for pursuing his or her claim.'" *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 303 (6th Cir. 2008). Even those arguments that teeter on the narrow legal edge still are

---

[3] Plaintiffs expressly cited *Beleno* in their briefing before the lower court. **Response, RE 45, PageID# 739-740.** Yet, the District Court never discussed or distinguished it; it is unclear why not.

not sanctionable. *Johnson v. City of Saginaw*, 2017 U.S. Dist. LEXIS 208798 (ED Mich, Dec. 20, 2017) (LUDINGTON, J.) (finding argument that business owner lacks constitutional protections in her business premises was not meritless despite nearly 100 years of established precedent but still was not sanctionable). Here, the State Defendants have not pointed to any prior litigation involving the constitutionality of the Newborn Screening Program in Michigan, the Sixth Circuit, or the United States Supreme Court as a "already-settled legal matter." As the Sixth Circuit teaches, "[p]enalizing [a plaintiff] for bringing a claim, when [plaintiff] was not on notice that such a claim could not succeed in district court, would be inequitable." *Id.* Unless and until either the Sixth Circuit or the US Supreme Court has ruled definitely on the questions presented, the Sixth Circuit affirms denials and reverses grants of attorney fees consistently. E.g. *MI FLYER LLC v. Wayne County Airport Auth'y*, 860 F.3d 425, 433 (6th Cir. 2017).

### B.

### After It Clearly Became So

The other basis for attorney fees is when arguments "clearly" became "frivolous, unreasonable, or groundless" and litigation continued. *Beleno* was never overturned; *Dubbs* was not overturned or set aside. No decision came down mid-litigation which "clearly" or categorically resulted in a definite

conclusion that Michigan's newborn screening program was constitutional. Backward looking history always has 20/20 vision. However, "hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg, supra*, at 421. Therefore, there is no case decision pointed to by the State Defendants which render the claims of Plaintiffs having become "clearly" frivolous, unreasonable, or groundless in mid-litigation. When a claim does not become "clear cut," "attorney's fees cannot be awarded in an effort to teach…a lesson…" *Dubuc v. Green Oak Twp*, 312 F.3d 736, 755 (6th Cir. 2002).

### III.

### Evidentiary Requirements

Even if this Court were inclined to award such fees against the great weight of authority espoused by the Sixth Circuit and the Supreme Court, the State Defendants still have not met their evidentiary burden. When making the motion for attorney fees, the Local Rules of this Court requires that motion be supported by an affidavit of counsel setting out "*in detail*"

1. "the number of hours spent on each aspect of the case;"

2. "the rate customarily charged by counsel for such work;"

3. "the prevailing rate charged in the community for similar services;" and

4. "any other factors which the Court should consider in making the award."

E.D. Mich. LR 54.1.2(b). This specific court has been correctly *insistent* on a moving party actually meeting these "in detail" standards. *McDole v City of Saginaw*, 2009 U.S. Dist. LEXIS 49282; 2009 WL 1637013 (E.D. Mich, June 11, 2009) (LUDINGTON, J.). In *McDole*, plaintiff was successful in obtaining a civil rights judgment for nearly a million dollars. Plaintiff's counsel did not keep track of his time and offered an alternative calculation method to determine a reasonable attorney fee. This court directed counsel to provide information in compliance with Local Rule 54.1.2(b). He did not. Like in the instant case with the assistant attorney generals, there is not "an affidavit of counsel setting out *in detail* the number of hours spent *on each aspect of the case*." *Id.* (emphasis added). This is because the typical method of calculating attorney fees is using the lodestar method—"the *proven* number of hours reasonably expended on the case by an attorney multiplied by a reasonable hourly rate. *McDole, supra* (citing *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005))(emphasis added). The Sixth Circuit has "adopted the lodestar approach as the centerpiece of attorney's fee awards."

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*Fuhr v. Sch. Dist. of the City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004).

The method is as follows:

> A starting point is to calculate the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours. Next, the resulting sum should be adjusted to reflect the "result obtained." This involves two questions: First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006)(citing *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994)). The only evidence provided by the State Defendants are three affidavits in which each assistant attorney general admits they lack any documentation of logged hours and are simply guessing the amount of time spent on the case. **ECF No. 54-1, ¶6** (Kerr); **ECF No. 54-2, ¶6** (Marks); **ECF No. 54-3, ¶6** (Levin). And even more problematically, the State Defendants claim they spent a lot of time "researching the law *and the facts*." **ECF No. 54, PageID# 874.** At this stage of litigation under Rule 12(b)(6), the State Defendants had to assume all the facts in Plaintiffs' amended complaint were true. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). By not having the detailed log of attorney time, it is impossible to complete this calculation method to exclude those excessive, redundant, or otherwise unnecessary hours because neither

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

opposing counsel nor the Court knows how the attorneys' time was spent on the case.

Additionally, the other factors this Court looks to is—

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2006). None of these factors were properly or sufficiently discussed or met by the State Defendants. By not meeting the lodestar obligations and fulfilling at least some of these factors, this Court has and should deny requests for attorney fees. *McDole, supra* ("Plaintiff's motion for attorney fees will be denied because Plaintiff has not provided sufficient information…"). The State Defendants' request must suffer the same fate.

## IV.

## Amount

Lastly, assuming this Court is inclined to award some sort of attorney fees, the hourly rates demanded by the Assistant Attorney Generals are far in excess of their actual hourly rates. AAG Kerr makes approximately

$115,000 per year. **Exhibit A.** AAG Marks makes approximately $98,000 per year. **Exhibit B.** AAG Levin's data is available but let's assume it is the same $75,000 (which is a reasonable guess given his few years with the AG's office). And let's assume that each work only the standard 40-hour workweek, or 2,080 hours a year. That makes Kerr's hourly fee $55.28 per hour; Mark's hourly fee is $47.11 per hour; and Levin's hourly fee is $36.05 per hour. Yet they demand $300.00 per hour for Kerr and Marks, and $200.00 per hour for Levin. **ECF No. 54, PageID# 874-875**. Even if this Court were to accept arguendo without documentation that Kerr worked 100 hours, Marks worked 60 hours, and Levin worked 80 hours, the actual attorney fees were only, at most, $11,238.60 (i.e. $5,528.00, $2,826.60, and $2,884.00) instead of $64,000 (i.e., $30,000.00, $18,000.00, and $16,000.00) or the "reduced" demanded amount of $30,000. This is obscene, punitive, and it is excessive, unwarranted, and/or unjust, see **E.D. Mich. LR 54.1.2**, when the case involves parents trying, as a matter of first impression, to protect their children's rights from big brother government.

Given this huge disparity, this Court is requested, to the extent it believes any attorney fees can be awarded, that it authorizes some limited discovery to learn of AAG's actual rates rather than the imaginary ones they are asserting. Fed.R.Civ.P. 54(d)(B)(iv).

14

**RELIEF REQUESTED**

WHEREFORE, the State Defendants' motion for attorney fees under 42 U.S.C. § 1988 should be denied. To the extent this Court believes otherwise, the amount should be capped at the actual hourly fees of these attorneys as outlined and to allow Plaintiffs limited discovery to get proof of their actual hourly rates based upon their actual salaries pursuant to Fed.R.Civ.P. 54(d)(B)(iv).

Date: October 5, 2018                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison_____
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: October 5, 2018

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
**OUTSIDE LEGAL COUNSEL PLC**
**PHILIP L. ELLISON (P74117)**
Counsel for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

16