UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADAM KANUSZEWSKI,
et al.,

        Plaintiffs,                      Case No. 18-10472

v.                                           Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, et al.,

        Defendants.
_____/

SHANNON LAPORTE, et al.,
        Plaintiffs,

v.

ROBERT GORDON, DR. SANDIP
SHAH, DR. SARAH LYON-CALLO,
MARY KLEYN, and MARY SEETERLIN,
in their official capacities,
        Defendants.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS, DENYING REMAINING MOTIONS AS MOOT, AND DISMISSING CLAIMS WITH PREJUDICE**

On January 14, 2020, Plaintiff, Shannon LaPorte on behalf of herself and as parent-guardian of her unborn child, B.O., filed a complaint against officials from the Michigan Department of Health and Human Services ("MDHHS") in their official capacities. ECF No. 1. The complaint includes four counts – Count I alleges that MCL § 333.5431(2) violates the Fourth Amendment, Count III alleges MCL § 333.5431(2) violates the Fourteenth Amendment, Count II alleges the extraction and testing of blood spots of newborns through an MDHHS program violates

the Fourth Amendment, and Count IV alleges that medical testing of the blood spots without informed consent violates the Fourteenth Amendment.[1] *Id.* An amended complaint added a Count V alleging a Fourth Amendment violation based on warrantless post-extraction testing. ECF No. 32 at PageID.485. Plaintiffs seek injunctive and declaratory relief, as well as attorney fees. ECF No. 1 at PageID.19.

The case was originally assigned to District Judge Victoria A. Roberts. ECF No. 4 in 20-10089. Plaintiff LaPorte identified the case as a potential companion case to *Kanuszewski v. Michigan Department of Health and Human Services* when she filed the case. ECF No. 1. Local Rule 83.11(b)(7) explains companion cases are cases where "substantially similar evidence will be offered at trial," "the same or related parties are present and the cases arise out of the same transaction or occurrence," or "they are Social Security cases filed by the same claimant." The first two factors are met regarding *LaPorte* and *Kanuszewski*. Therefore, *LaPorte* was determined to be a companion case and reassigned to this Court. ECF No. 4.

On the same day the complaint was filed, Plaintiffs also filed a motion for preliminary injunction. ECF No. 3. On March 24, 2020, Plaintiffs' motion was denied. ECF No. 29. Plaintiffs filed a notice of interlocutory appeal. ECF No. 30. On April 7, 2020, Plaintiffs' motion for preliminary injunction pending appeal was denied because the Sixth Circuit found Plaintiffs were unlikely to prevail on the merits of their complaint. ECF No. 11 in 20-1269. On April 29, 2020, Plaintiffs filed a motion to voluntarily dismiss the appeal as moot contending that Plaintiff LaPorte gave birth to Baby B.O. ECF No. 14 in 20-1269. Their motion was granted and the appeal was dismissed. ECF No. 15 in 20-1269.

---

[1] Plaintiffs do not clearly differentiate between the alleged violations of the parent's and child's rights.

On May 11, 2020, Plaintiffs filed a motion to dismiss the LaPorte complaint. ECF No. 114 in 18-10472. Plaintiffs argue that "Plaintiff LaPorte also sought a preliminary injunction against the extraction and testing of Baby B.O.'s blood without her consent so that the issues would not become moot following the birth of Baby B.O." *Id.* at PageID.1698. Plaintiffs argue that "[b]ecause there are no longer any available remedies for the claims pled in former Case No. 20-cv-10089 due to the birth of Baby B.O., this Court must dismiss (and Plaintiff therefore voluntarily dismisses) the claims made in former Case No. 20-cv-10089 for lack of jurisdiction due to mootness." *Id.* at PageID.1699. Plaintiffs provide that Defendants have no objection to the dismissal of the claims.

When Plaintiffs filed the LaPorte complaint, they explained "the United States Court of Appeals for the Sixth Circuit concluded that future plaintiffs [who desire to challenge the extraction of blood from their newly born infants] would consist of individuals who are pregnant because they will likely have standing to pursue prospective relief relating to the risk that their future child's blood will be drawn at birth." ECF No. 107 at PageID.1540. Plaintiffs contended "[t]his is that case" because Plaintiff LaPorte was pregnant with her child B.O. at the time the complaint was filed. *Id.* Now that LaPorte's child, B.O., has arrived, it is unclear if the case is moot or if an exception to the mootness doctrine might apply. However, Plaintiffs are masters of their complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, this Court will dismiss the LaPorte complaint and reserve judgment regarding Plaintiffs' claims regarding mootness.

Due to the previous consolidation of LaPorte v. Gordon, 20-10089, with Kanuszewski v. MDHHS, 18-10472, it is necessary to clarify that the remaining claims in Kanuszewski v.

MDHHS' Complaint, ECF No. 26, remain. The parties should consult the current scheduling order, ECF No. 92, for deadlines.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Dismiss, ECF No. 114, is **GRANTED**.

It is further **ORDERED** that Defendants' Motion to Dismiss the first amended complaint, ECF No. 108, is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiffs' Motion to Exclude Exhibits, ECF No. 109, is **DENIED AS MOOT**.

It is further **ORDERED** that Defendants' Motion to Strike Jury Demand, ECF No. 106, is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiffs' Complaint (originally filed in 20-10089), ECF No. 107, is **DISMISSED WITH PREJUDICE**.

Dated: May 14, 2020                              s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge