UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADAM KANUSZEWSKI,
et al.,

        Plaintiffs,         Case No. 18-10472

v.         Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, et al.,

        Defendants.
_____/

SHANNON LAPORTE, et al.,
        Plaintiffs,

v.

ROBERT GORDON, DR. SANDIP
SHAH, DR. SARAH LYON-CALLO,
MARY KLEYN, and MARY SEETERLIN,
in their official capacities,
        Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND**

On January 14, 2020, Plaintiff, Shannon LaPorte on behalf of herself and as parent-guardian of her unborn child, B.O., filed a complaint against officials from the Michigan Department of Health and Human Services ("MDHHS") in their official capacities. ECF No. 1. The complaint included four counts – Count I alleges that MCL § 333.5431(2) violates the Fourth Amendment, Count III alleges MCL § 333.5431(2) violates the Fourteenth Amendment, Count II alleges the extraction and testing of blood spots of newborns through an MDHHS program violates

the Fourth Amendment, and Count IV alleges that medical testing of the blood spots without informed consent violates the Fourteenth Amendment.[1] *Id.* An amended complaint added a Count V alleging a Fourth Amendment violation based on warrantless post-extraction testing. ECF No. 32 at PageID.485. Plaintiffs sought injunctive and declaratory relief, as well as attorney fees. ECF No. 1 at PageID.19.

Plaintiffs' motion for preliminary injunction was denied and their emergency motion for preliminary injunction pending appeal filed in the Sixth Circuit was denied because that court found Plaintiffs were unlikely to prevail on the merits of their complaint. ECF Nos. 3, 29; ECF No. 11 in 20-1269. Plaintiffs filed a motion to voluntarily dismiss the appeal as moot because Baby B.O. was born, which was granted. ECF Nos. 14, 15 in 20-1269.

On May 11, 2020, Plaintiffs filed a motion to dismiss the LaPorte complaint. ECF No. 114 in 18-10472. Plaintiffs argued since Baby B.O. had made his arrival in this world, the "Court must dismiss (and Plaintiff therefore voluntarily dismisses) the claims made in former Case No. 20-cv-10089 for lack of jurisdiction due to mootness." *Id.* at PageID.1699. Without deciding the mootness question, this Court granted Plaintiffs' motion and dismissed their complaint with prejudice. ECF No. 116.

On May 28, 2020, Plaintiffs filed a motion to amend/correct order. ECF No. 118. Plaintiffs argue that they "clearly sought a dismissal without prejudice." ECF No. 118 at PageID.1814. However, that misconstrues the facts. Nowhere in Plaintiffs' motion did they clearly state they sought a dismissal without prejudice. The closest reference is Plaintiffs' relief requested section which stated "WHEREFORE, the Court is requested to enter an order dismissing the claims solely

---

[1] Plaintiffs do not clearly differentiate between the alleged violations of the parent's and child's rights.

made in former Case No. 20-cv-10089 due to the Court now lacking jurisdiction due to mootness." ECF No. 114 at PageID.1700. That statement combined with Plaintiffs' citation of a 10th Circuit[2] case that provides that dismissals for lack of jurisdiction are without prejudice, could provide an inference that Plaintiffs were seeking a dismissal without prejudice. That said, the instant case was dismissed at Plaintiffs' request because of Plaintiffs' belief there was no jurisdiction, not on this Court's determination of lack of jurisdiction. The question of mootness was not addressed and Plaintiffs' motion to dismiss was granted because Plaintiffs are masters of their own complaints. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, it is not clear that even if the 10th Circuit case was binding, that it would apply. As such, this Court dismissed the amended complaint with prejudice.

However, as Plaintiffs point out, this Court is aware of the necessity of providing notice to a plaintiff prior to converting a motion to dismiss without prejudice to a motion with prejudice. *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 576 (6th Cir. 2010). It is now clear that Plaintiffs intended the case reference to *Abernathy v. Wandes* and their request for a dismissal due to mootness to be a request for a dismissal without prejudice. In fairness to all parties regarding the original dismissal with prejudice, this Court will amend its prior order to dismiss the amended complaint with prejudice to state that the amended complaint from 20-10089 is dismissed without prejudice.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Amend, ECF No. 118, is **GRANTED**.

---

[2] *Abernathy v. Wandes*, 713 F.3d 538, 558 (10th Cir. 2013).

- 4 -

It is further **ORDERED** that this Court's prior order, ECF No. 116, is **AMENDED** to state that Plaintiffs' Complaint (originally filed in 20-10089), ECF No. 107, is **DISMISSED WITHOUT PREJUDICE**.

Dated: June 2, 2020        s/Thomas L. Ludington
                           THOMAS L. LUDINGTON
                           United States District Judge