UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADAM KANUSZEWSKI,
et al.,

        Plaintiffs,                      Case No. 18-10472

v.                                          Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, et al.,

        Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL**

On February 8, 2018, Plaintiff LaPorte, along with Adam and Ashley Kanuszewski, and Lynnette Wiegand, individually and as parent-guardians of their minor children, filed suit against the Michigan Department of Health and Human Services, Nick Lyon (the then-Director of MDHHS), the Dr. Sandip Shah (Director of the Bureau of Laboratories), Dr. Sarah Lyon-Callo (state epidemiologist), Mary Kleyn (Manager of the Newborn Screening Section), Michigan Neonatal Biobank, Inc., and Dr. Antonio Yancey (Director of the Michigan Neonatal Biobank). ECF No. 3 in 18-10472. The complaint alleged Defendants violated Plaintiffs' Fourteenth Amendment (substantive due process rights) by extracting and storing blood spots without sufficient consent (Counts I and II), violated Plaintiffs' Fourth Amendment rights by extracting and testing the blood spots (Count III), and violated Plaintiffs' Fourth Amendment rights by indefinitely storing blood spots (Count IV). ECF No. 26 in 18-10472. Defendants' motion to dismiss was granted. ECF Nos. 32, 33, 34.

The Sixth Circuit affirmed in part and reversed in part. The Circuit reversed and remanded on two claims. First, the parents' substantive due process claim for the storage of the blood samples ("Blood samples on several occasions were provided pursuant to state court orders . . . and being sold to third party businesses and researchers." ECF 26 at PageID.318) for injunctive and declaratory relief. Second, the children's Fourth Amendment claim for the storage of the blood samples for injunctive and declaratory relief. The case was consolidated with LaPorte v. Gordon, 20-10089. However, Plaintiffs in LaPorte have since voluntarily dismissed their claims. ECF Nos. 114; 116; 118; 120. On May 26, 2020, the parties' stipulation to extend the scheduling order was granted. Discovery is set to close on September 18, 2020. ECF No. 117.

On May 14, 2020, Defendants filed a motion to compel "Plaintiffs to authorize the release of medical information associated with the births of the Plaintiff-Children, and to award the State Defendants costs and fees associated with the bringing of this motion." ECF No. 115 at PageID.1703. Defendants explain that in their first set of interrogatories, they sought medical release authorizations from Plaintiffs "that would allow the State Defendants to review some information from the hospitals where the Plaintiff-Children where born." *Id.* at PageID.1711. Specifically, State Defendants "seek information provided by hospitals and/or health care providers to Plaintiffs regarding the newborn screening program, the consent Plaintiffs provided for medical treatment, and the hospitals' ability to perform the screening." *Id.* at PageID.1713. The requests for authorization however, seek "all records relating to the hospital stay, from admission to discharge, resulting in the birth of [child]" and for "all records relating to any pre-natal care and/or information provided to [parent] in connection with and prior to the birth of her child." *See e.g.*, ECF Nos. 115-2; 115-3.

Plaintiffs respond that "[t]he requests are not narrow, not proportionate, not reasonable, and not necessary to the issues in this case. Counsel for the State Defendants has filed this motion and, in an attempted bullying tactic, sought sanctions for the audacity of nine children and four parents refusing to let the state have unfettered and uncontrolled access to their highly private medical records." ECF No. 119 at PageID.1825-1826. Plaintiffs question "What could possibly be in the private medical files of the birthing doctors for each minor which would aid this Court in deciding Defendants' actions regarding retention and ongoing storage of the blood samples? Their motion is deafeningly silent on this too." *Id.*

FRCP 26(b)(1) provides

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Plaintiffs' case is now limited to the ongoing storage, use, and transfer of the blood samples from the infants. Discovery about any information provided by the hospital to the new parents about the blood storage program, about consent for the ongoing storage, use, or transfer of the blood spots, is relevant. However, Defendants request for all prenatal records and records from the hospital stay when the baby was born is overly broad considering the limited scope of the remainder of the case. Therefore, Defendants' motion to compel will be granted in part regarding the storage of the samples.

Defendants also seek costs for bringing the motion. Defendants reference FRCP 37(a)(5) which provides if a motion to compel discovery is granted, the court must "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in

- 3 -

making the motion, including attorney's fees." The rule further provides that payment must not be ordered if "the opposing party's nondisclosure, response, or objection was substantially justified." *Id.* In the instant motion, Defendants' original discovery request may have been justified at the time the case was filed, but the case has been significantly narrowed since that time. Plaintiffs' nondisclosure of an expansive request for medical data was substantially justified. At the same time, Plaintiffs' belief that Defendants were out of bounds for seeking discovery about documents that may have been shared by the hospitals about the blood spot storage program is equally untenable. Both Plaintiffs' and Defendants' requests for attorney fees are rejected.

Accordingly, **IT IS ORDERED** that Defendants' Motion to Compel, ECF No. 115, is **GRANTED IN PART**. Plaintiffs must disclose all records related to the hospital stay, from admission to discharge, when named minor plaintiffs were born relating to the ongoing storage, use, or transfer of the blood spots taken from their child or any forms seeking consent for participation in the program. Plaintiffs must also disclose all records related to any pre-natal care relating to the ongoing storage, use, or transfer of the blood spots taken from their children or any forms seeking consent for participation in the program.

It is further **ORDERED** that Plaintiffs and Defendants must meet and confer regarding a stipulated protective order. All discovery disclosed as a result of this order must be covered by the protective order.

Dated: June 2, 2020                                              s/Thomas L. Ludington  
                                                                 THOMAS L. LUDINGTON  
                                                                 United States District Judge