UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADAM KANUSZEWSKI,
et al.,

        Plaintiffs,                        Case No. 18-10472

v.                                        Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, et al.,

        Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE JURY TRIAL**

On February 8, 2018, Plaintiff LaPorte, along with Adam and Ashley Kanuszewski, and Lynnette Wiegand, individually and as parent-guardians of their minor children, filed suit against the Michigan Department of Health and Human Services, Nick Lyon (the then-Director of MDHHS), Dr. Sandip Shah (Director of the Bureau of Laboratories), Dr. Sarah Lyon-Callo (state epidemiologist), Mary Kleyn (Manager of the Newborn Screening Section), Michigan Neonatal Biobank, Inc., and Dr. Antonio Yancey (Director of the Michigan Neonatal Biobank). ECF No. 3 in 18-10472. The complaint alleged Defendants violated Plaintiffs' Fourteenth Amendment rights (substantive due process rights) by extracting and storing blood spots without sufficient consent (Counts I and II), violated Plaintiffs' Fourth Amendment rights by extracting and testing the blood spots (Count III), and violated Plaintiffs' Fourth Amendment rights by indefinitely storing blood spots (Count IV). ECF No. 26 in 18-10472. Defendants' motion to dismiss was granted. ECF Nos. 32, 33, 34.

The Sixth Circuit affirmed in part and reversed in part. The Circuit reversed and remanded on two claims. First, the parents' substantive due process claim for the storage of the blood samples for injunctive and declaratory relief.[1] Second, the children's Fourth Amendment claim for the storage of the blood samples for injunctive and declaratory relief. The case was consolidated with *LaPorte v. Gordon*, 20-10089. However, Plaintiffs in *LaPorte* have since voluntarily dismissed their claims. ECF Nos. 114; 116; 118; 120. Discovery is set to close on September 18, 2020. ECF No. 117.

On February 14, 2020, Defendants filed a motion to strike jury demand. ECF No. 93. Defendants argue that Plaintiffs no longer have a right to a jury trial as all remaining claims seek injunctive or declaratory relief. *Id.* Plaintiffs agree they do not have a right to a jury trial. However, they believe "[a] jury right in the form of a potential advisory jury still remains and the needs to strike the demand is unnecessary until the request for an advisory jury is decided." ECF No. 94 at PageID.1481. Plaintiffs do not articulate the reasons why they should receive the discretionary advisory jury, but rather argue "[a]n ideal time to resolve that question will be after this Court determines if a material question of fact remains after the inevitable Rule 56 cross-motions being filed and decided following completion of discovery." *Id.* Defendants respond that "the possibility that Plaintiffs may file [a motion for an advisory jury in the future] is not a basis for leaving intact a demand for a jury to which Plaintiffs are not entitled." ECF No. 95 at PageID.1486.

Fed. R. Civ. P. 39(a) states:

When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
(1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or

---

[1] "Blood samples on several occasions were provided pursuant to state court orders . . . and being sold to third party businesses and researchers." ECF 26 at PageID.318.

- 3 -

> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

The Seventh Amendment provides the right to jury trial in civil cases. However, "[t]here is no right to a jury trial under the Seventh Amendment when the case will resolve only equitable rights." *JP Morgan Chase Bank, v. Winget*, 639 F. Supp. 2d 830, 834 (E.D. Mich. 2009). Plaintiffs' statement that they may seek an advisory jury in the future is not a reason to deny Defendants' motion to strike Plaintiffs' demand for a jury trial under the Seventh Amendment.

Accordingly, it is **ORDERED** that Defendants' motion to strike jury demand, ECF No. 93, is **GRANTED**.

Dated: September 17, 2020                              s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge