# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| ADAM KANUSZEWSKI and ASHLEY KANUSZEWSKI, as parent-guardians and next friend to their minor children, D.W.L., R.F.K., and C.K.K.; | Case No. 1:18-cv-10472 |
| | Hon. Thomas L. Ludington, District Court Judge |
| SHANNON LAPORTE, as parent-guardian and next friend to her minor children, M.T.L. and E.M.O.; | **PARTIAL CONSENT JUDGMENT** |
| and | |
| LYNNETTE WIEGAND, as parent-guardian and next friend to her minor children, L.R.W., C.J.W., H.J.W., and M.L.W. *Plaintiffs* | |
| v. | |
| ELIZABETH HERTEL, sued in her official capacity; | |
| DR. SANDIP SHAH, sued in his official capacity; | |
| DR. SARAH LYON-CALLO, sued in her official capacity; | |
| MARY KLEYN, sued in her official capacity; and | |
| DR. ANTONIO YANCEY, sued in his official capacity *Defendants* | |

## PARTIAL CONSENT JUDGMENT

In order to avoid further litigation costs and uncertainties related to litigation, and with no admission of fault or wrongdoing by any party, Defendants Elizabeth Hertel, Dr. Sandip Shah, Dr. Sarah Lyon-Callo, and Mary Kleyn, each in their official capacities, (collectively, "the State

Defendants") stipulate and agree with Plaintiffs to resolve a subset of Plaintiffs' claims through this Partial Consent Judgment. In particular, and as set forth more fully below, this Partial Consent Judgment pertains only to claims related to dried blood spots allocated for parent-directed use ("Parent Spots").

## Background

The State of Michigan operates a newborn-screening program that involves collection of five to six dried blood spots ("DBS") from each infant born in Michigan shortly after birth, which are currently tested for over 55 different potential health disorders. The DBS not consumed by the initial screening—"residual DBS"—are sent by the Michigan Department of Health and Human Services ("MDHHS") for storage, either in its own facilities or with the Michigan Neonatal BioBank. The MDHHS maintains control and custody of all the Parent Spots regardless of where they are stored.

If any DBS remain after NBS is completed, then one spot—the Parent Spot—is allocated for the exclusive use of the newborn (after reaching the age of majority) or their parents (before the child has reached the age of majority) in the event that they are needed for uses unrelated to newborn screening. Parent Spots are not, will not, and have not ever been used for general population research without study-specific parental consent.

## Terms

Through this Partial Consent Judgment, the State Defendants and Plaintiffs agree to resolve Plaintiffs' claims to the limited extent that they apply to the Parent Spots, subject to the following Terms:

1. The State Defendants agree to immediately stop designating any residual DBS as Parent Spots.

2. Within 18 months of entry of this Partial Consent Judgment, the State Defendants shall destroy and fully dispose of all Parent Spots regardless of when designated and regardless of where stored.

3. Notwithstanding Paragraph 2, the State Defendants shall return to Plaintiffs' counsel the Parent Spots of the nine infant-plaintiffs in this case within 60 days of entry of this Consent Judgment.

4. Within 14 days of completion of each destruction event as outlined in the two preceding paragraphs, the State Defendants shall designate the most appropriate person who shall sign and deliver to Plaintiffs' counsel a declaration, signed under 28 U.S.C. § 1746, confirming the same.

5. In consideration of the directives ordered by this Partial Consent Judgment, Plaintiffs release and discharge the State Defendants and any of their employers, affiliates, subsidiaries, predecessors, successors, or assigns from any and all claims, demands, causes of action, and liabilities, of any nature, connected to the claims in the above-captioned lawsuit, only insofar as those claims relate to the Parent Spots—not including any issues related to data-retention of Plaintiffs.

6. Plaintiffs shall be deemed the prevailing parties insofar as those claims relate to the Parent Spots for purposes of an award of attorney's fees and costs under 42 U.S.C. § 1988 and are granted an extension to file a motion for determination of the award at any time up to and including 28 days after entry of the last and final judgment entered in this matter or as further ordered by the Court.

7. This Partial Consent Judgment does not include or cover any other claims or matters raised by Plaintiffs.

8. State Defendants and Plaintiffs acknowledge and agree that this consent judgment order contains their entire understanding and supersedes and forever terminates all prior and contemporaneous representations, promises, agreements, understandings, and negotiations, whether oral or written—only insofar as those claims relate to the Parent Spots. State Defendants and Plaintiffs further agree that this Partial Consent Judgment may only be amended, modified, or supplemented by a duly executed writing signed by each party and entered by the Court.

9. This Partial Consent Judgment is not an admission of liability or wrongdoing by any of the State Defendants, who do not admit any of the allegations made by Plaintiffs.

APPROVED FOR ENTRY:

*/s/Phillip L. Ellison*
Philip L. Ellison (P74117)
Outside Legal Counsel PLC
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055

*/s/Aaron W. Levin*
Aaron W. Levin (P81310)
Daniel J. Ping (P81482)
Christopher L. Kerr (P57131)
Assistant Attorneys General
Michigan Dep't of Attorney General
Corporate Oversight Division
Attorneys for State Defendants
PO Box 30736
Lansing, MI 48909
(517) 335-7632

It is so **ORDERED**.

Dated: May 16, 2022

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge