UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADAM KANUSZEWSKI et al.,

                Plaintiffs,              Case No. 1:18-cv-10472

v.                                                  Honorable Thomas L. Ludington
                                                        United States District Judge

SANDIP SHAH et al.,

                Defendants.
_____/

**OPINION AND ORDER GRANTING JOINT MOTION TO TESTIFY REMOTELY**

This matter is before this Court upon the Parties' joint motion for leave to permit witnesses to testify remotely at an upcoming bench trial. As explained hereafter, the motion will be granted.

**I.**

This case is scheduled for a bench trial that will begin on January 31, 2023. ECF No. 213. But the case began nearly four years ago; the underlying events even further in the past. Meanwhile, numerous life events have occurred, as they do. Therefore, the Parties are requesting leave for five witnesses to testify remotely. The five witnesses and their expected testimony follow:

| WITNESS | ESTIMATED DATE/TIME | ESTIMATED TIME |
|---|---|---|
| Lynette Wiegand | February 2, 2023, at 8:45 AM EST | < 1 hour |
| Antonio Yancey | February 2, 2023, at 9:30 AM EST | < 1 hour |
| Travis Henry | February 3, 2023, at 8:45 AM EST | 1 hour |
| Michael Watson | February 3, 2023, at 10:00 AM EST | 1 hour |
| Mary Seeterlin | February 3, 2023, at 12:00 PM EST | 1 hour |

ECF No. 227 at PageID.6028.

II.

A.

Federal courts may only permit remote testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." FED. R. CIV. P. 43(a). "Determining whether good cause and compelling circumstances exist is a matter left to the court's discretion." *Gould Elecs. Inc. v. Livingston Cnty. Road Comm'n*, 470 F. Supp. 3d 735, 740 (E.D. Mich. 2020) (citing *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 970 (D. Minn. 2020)). *Compare Fischer v. United States*, No. 1:19-CV-13020, 2022 WL 2287922, at *6 (E.D. Mich. June 24, 2022) (granting leave to testify remotely), *with Good v. BioLife Plasma Servs., L.P.*, No. 1:18-CV-11260, 2022 WL 1837071, at *4 (E.D. Mich. June 3, 2022) (denying leave to testify remotely), *recons. denied*, No. 1:18-CV-11260, 2022 WL 17821556 (E.D. Mich. Dec. 20, 2022).

Such requests "may be established with relative ease if all parties agree that testimony should be presented by transmission." FED. R. CIV. P. 43(a) advisory committee's note to 1996 amendment. Although "unexpected reasons, such as accident or illness," generally warrant remote testimony, any "[o]ther possible justifications for remote transmission must be approached cautiously." *Id.*

Yet parties "will have special difficulty in showing good cause and the compelling nature of the circumstances" that they "could reasonably foresee." *Id.*

B.

Here, the Parties have only provided circumstances that they could reasonably foresee: the witnesses live in other states, and it will cost them money to come to the trial.[1] ECF No. 227 at

---

[1] Although they add that Lynette Wiegand's husband will be in police training during trial, leaving her as the sole caretaker of four children, ECF No. 227 at PageID.6026, they have not provided the date they learned that information.

PageID.6026–27. Neither reason warrants leave to testify remotely—especially considering that the Parties have not provided the dates the witnesses moved from Michigan or any information concerning whether the moves were unexpected.

But there is an unexpected compelling circumstance warranting remote testimony: the recent uncertainty of air travel. Although "[c]ourts have held the distant location of witnesses and the challenges of travel during the global COVID-19 pandemic combined to present good cause in compelling circumstances for remote testimony," *House v. Players' Dugout, Inc.*, No. 3:16-CV-00594-RGJ, 2021 WL 4898071, at *13 (W.D. Ky. Oct. 20, 2021) (collecting cases), the COVID-19 pandemic does not have the same effect on travel as it once did, *Good*, 2022 WL 1837071, at *4. Yet strange winter conditions and unknown technological issues have made state-to-state travel unpredictable as recent as yesterday. *See* Dee-Ann Durbin, *Storm Adds Uncertainty to Strong Holiday Travel Demand*, ABC NEWS (Dec. 21, 2022), https://abcnews.go.com/Travel/wireStory/storm-adds-uncertainty-strong-holiday-travel-demand-95638083 [https://perma.cc/33D7-ME73]; The FAA (@FAANews), TWITTER (Jan. 11, 2023, 6:29 AM), https://twitter.com/FAANews/status/1613135903010033665 [https://perma.cc/8TAJ-AHBS] (announcing FAA system outage requiring nationwide flight delays); *see also* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 13 (2022) (explaining that courts may take judicial notice of tweets) (citing FED. R. EVID. 201(b)(2)). Mix that uncertainty with the mere 19 days from now to trial, and there is good cause and compelling circumstances to grant the Parties' request.

And this Court can accommodate remote testimony, as it has in other cases, via videoconferencing applications that provide adequate safeguards. *E.g.*, *Fischer*, 2022 WL

- 4 -

2287922, at *6 (citing *Le v. Reverend Dr. Martin Luther King, Jr. Cnty.*, 524 F. Supp. 3d 1113, 1117–18 (W.D. Wash. 2021)).

For these reasons, the Parties' Motion to Testify Remotely will be granted.

### III.

Accordingly, it is **ORDERED** that the Parties' Motion to Testify Remotely, ECF No. 227, is **GRANTED**. The Court will issue a Zoom link to counsel for distribution to the witnesses in a separate email.

**This is not a final order and does not close the above-captioned case**.

Dated: January 12, 2023       s/Thomas L. Ludington
                              THOMAS L. LUDINGTON
                              United States District Judge