UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADAM KANUSZEWSKI et al.,

                Plaintiffs,                Case No. 1:18-cv-10472

v.                                      Honorable Thomas L. Ludington
                                               United States District Judge
MICHIGAN DEPARTMENT OF
HEALTH & HUMAN SERVICES et al.,

                Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES WITHOUT PREJUDICE, AND DENYING STATE DEFENDANTS' MOTION TO STAY PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES AS MOOT**

        This six-year-old case—involving the constitutionality of Michigan's storing, utilizing, and distributing newborn blood samples without parental consent—is in the home stretch. Indeed, in July 2023, this Court found for Plaintiffs on most of their constitutional claims and ordered an injunction in their favor. But the case has not crossed the finish line just yet. All Defendants appealed this Court's July 2023 Opinion and Order, and this appeal remains pending before the Sixth Circuit.

        Simultaneous to Defendants' appeal, Plaintiffs, as the prevailing party, filed a motion for attorney's fees seeking an award of over $400,000. But the Sixth Circuit's opinion may significantly effect the extent to which Plaintiffs prevailed in the above-captioned case. And this Court will not proceed in piecemeal to award attorney's fees on the discrete issues that have been finally decided and are not subject to appeal. In the interests of judicial efficiency, Plaintiffs' Motion for Attorney's Fees will be denied without prejudice, and Defendants' separate Motion to Dismiss or Stay Plaintiffs' Motion for Attorney's fees will be denied as moot.

## I.

On July 28, 2023, this Court found Defendants violated the Fourth and Fourteenth Amendments by storing, utilizing, and distributing Michigan newborns' blood samples and related data without the informed consent of their parents.[1] ECF No. 261. Specifically, this Court entered judgment for Plaintiffs as follows:

| Claim | Plaintiffs | Status |
|---|---|---|
| Data-retention (Count IV) | All | Judgment for Plaintiffs |
| Tested DBS-retention (Count IV) | All | Judgment for Plaintiffs |
| Additional DBS-retention (Count IV) | All | Judgment for Plaintiffs |
| Tested DBS—research (Count II) | All | Summary Judgment for Plaintiffs |
| Tested DBS—storage (Count II) | All | Summary Judgment for Plaintiffs |
| Tested DBS—transfer (Count II) | All | Summary Judgment for Plaintiffs |
| Tested DBS—sale (Count II) | All | Summary Judgment for Plaintiffs |
| Tested DBS—maintain and expand NSP (Count II) | All | Summary Judgment for Plaintiffs |
| Tested DBS—other posttesting State use (Count II) | All | Summary Judgment for Plaintiffs |
| Tested DBS—other posttesting private-party use (Count II) | All | Summary Judgment for Plaintiffs |
| Tested DBS—disposal (Count II) | Kanuszewskis (DWL, RFK, CKK); Laporte (MTL); Wiegand (LRW, CJW, HJW) | Summary Judgment for Plaintiffs |
| Tested DBS—disposal (Count II) | Laporte (EMO); Wiegand (MLW) | Summary Judgment for Defendants |
| Additional DBS—research (Count II) | All | Summary Judgment for Plaintiffs |
| Additional DBS—draw (Count II) | All | Summary Judgment for Plaintiffs |

---

[1] Although unnecessary to resolve the motions currently pending before the court, for a thorough recitation of the background facts relevant to this action, *see Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396 (6th Cir. 2019); *Kanuszewski v. Shah*, 627 F. Supp. 3d 832, 835–39 (E.D. Mich.), *vacated in part*, 636 F. Supp. 3d 781 (E.D. Mich. 2022).

| | | |
|---|---|---|
| Additional DBS—storage (Count II) | All | Summary Judgment for Plaintiffs |
| Additional DBS—transfer (Count II) | All | Summary Judgment for Plaintiffs |
| Additional DBS—sale (Count II) | All | Summary Judgment for Plaintiffs |
| Additional DBS—future identification purposes (Count II) | All | Summary Judgment for Plaintiffs |
| Additional DBS—maintain and expand NSP (Count II) | All | Summary Judgment for Plaintiffs |
| Additional DBS—other State use (Count II) | All | Summary Judgment for Plaintiffs |
| Additional DBS—other private-party use (Count II) | All | Summary Judgment for Plaintiffs |
| Additional DBS—disposal (Count II) | Kanuszewskis (DWL, RFK, CKK); Laporte (MTL); Wiegand (LRW, CJW, HJW) | Summary Judgment for Plaintiffs |
| Additional DBS—disposal (Count II) | Laporte (EMO); Wiegand (MLW) | Summary Judgment for Defendants |

ECF No. 262 at PageID.6991–92.

This Court further awarded Plaintiffs' requested injunction, and directed Defendants to:

> [U]se the addresses they have for each Plaintiff-parent and to send notices by mail a Notice that provides the options (1) to return Plaintiff-infants' blood samples and data, (2) to destroy Plaintiff-infants' blood samples and data, and (3) to provide informed consent for (a) posttesting retention at the Biobank, sale to third parties, testing and research conducted by public and private entities, disposal based on the current retention schedule, use for maintaining and expanding the Newborn Screening Program, future identification for law-enforcement purposes, any other use by public and private entities; and (b) posttesting retention of the tested blood spot, the additional blood spots, and the data in any Library Information Management System. If no informed consent is provided for any of these purposes **within one year** of the date that Defendants mail the notices, then Defendants are **DIRECTED** to destroy Plaintiffs' blood samples and data. . .

*Id.* at PageID.6992–93 (emphasis in original).

All Defendants jointly appealed on August 16, 2023. ECF No. 266; *Kanuszewski, v. Michigan Dep't of Health and Hum. Serv.*, No. 23-1733 (6th Cir. Aug. 16, 2023). Notably, the Sixth Circuit is unlikely to reach a decision in the near future. In December 2023, Plaintiffs filed a motion arguing the Sixth Circuit should dismiss Defendant Krause's appeal and partially dismiss

- 3 -

the appeal of "State Defendants" Elizabeth Hertel, Dr. Sandip Shah, Dr. Sarah Lyon-Callo, and Mary Kleyn for mootness. *Id.*, ECF No. 27. Defendants responded that the appeal is not moot and filed a separate motion arguing, in the alternative, that the Sixth Circuit should vacate and remand any moot claims, with the instruction that this Court dismiss them. *Id.*, ECF No. 30. Neither motion has yet been decided.

In addition to the Parties' appellate activity, on September 1, 2023, Plaintiffs filed a Motion in this Court for Attorney's Fees and Costs. ECF No. 271. Plaintiffs argue they are the prevailing Parties in the above-captioned case and seek $419,475 in attorney's fees for Plaintiffs' Counsel's alleged 705 hours of work on this case throughout the past six years, at a rate of $595 per hour. *Id.* at PageID.7074–84; *see also* ECF No. 271-3 at PageID.7094–102. Additionally, Plaintiffs seek $3,689.82 in costs. ECF No. 271 at PageID.7084–86, *see also* ECF No. 271-3 at PageID.7103.

All Defendants agree that, "as currently postured," Plaintiffs prevailed and are "entitled to an award of attorneys fees and costs" for the specific issues they prevailed on. ECF No. 272 at PageID.7114; *see also* ECF No. 275 at PageID.7176. But all Defendants dispute the number of hours Plaintiffs' Counsel worked on the case, and dispute his suggested hourly rate. *See* ECF No. 272 at PageID.7118 (arguing Plaintiffs' Counsel's "hourly rate, at most, should not exceed $400, which would still be an above-average rate"), 7119–22 (arguing Plaintiffs' Counsel cannot be paid on the hours spent on unsuccessful claims and suggesting clerical errors in Plaintiffs' time log); ECF No. 275 at PageID.7181 (arguing "an accurate hourly rate . . . would be approximately $250.00 per hour" and arguing "[o]n its face," Plaintiffs' Counsel's suggestion that he spent 705 hours working on this case "seem[s] unreasonable given the length of time this case has been pending.").

Moreover, all Defendants argue Plaintiffs' Motion is premature, and accordingly suggest

the Motion should either be dismissed without prejudice or stayed pending the result of Defendants' appeal. ECF Nos. 272 at PageID.7114; 275 at PageID.7174–75. Indeed, the same day State Defendants jointly responded to Plaintiffs' Motion, ECF No. 272, they jointly filed a separate "Motion to Dismiss Without Prejudice or Stay Plaintiffs' Motion for Attorney Fees and Costs," ECF No. 273.

## II.

"Although litigants are typically responsible for paying their own attorney's fees, Congress has created exceptions for certain types of cases. Under 42 U.S.C. § 1988(b), the prevailing party in an action to enforce civil rights under § 1983 may recover a reasonable attorney's fee as part of the costs' of litigation." *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014) (internal quotations omitted). Although Civil Rule 54 requires parties to file motions for attorney's fees "no later than 14 days" after a judgment, FED. R. CIV. P. 54(d)(2)(B)(i), the Advisory Committee explicitly recognizes that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the whole motion without prejudice." FED. R. CIV. P. 54(d)(2) advisory committee's note to 1993 amendment. If a court denies a motion for attorney's fees without prejudice pending appeal, it should direct a new period for filing after the appeal's resolution. *Id.*

## III.

At this juncture, as all Parties agree, Plaintiffs prevailed when this Court granted summary judgment largely in their favor and ordered an injunction. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001) (defining "prevailing party" as "one who has been awarded some relief by the court"). But, if the Sixth Circuit disagrees with this Court's Fourth or Fourteenth Amendment analyses and reverses, Plaintiffs will *not* have

prevailed to the same extent, and "the calculation of attorneys fees would necessarily change." *Pung v. DePriest*, No. 1:20-CV-13113, 2022 WL 18109795, at *2 (E.D. Mich. Dec. 8, 2022), *report and recommendation adopted sub nom. Pung v. Cnty. of Isabella*, No. 20-13113, 2023 WL 36066 (E.D. Mich. Jan. 4, 2023).

Plaintiffs do not disagree. Instead, they explain that two of the three "tranches" of this litigation have been finally decided—only the third is currently pending before the Sixth Circuit.[2] ECF No. 274 at PageID.7156–59. Thus, Plaintiffs argue, attorneys fees should be promptly awarded. *Id.* at PageID.7159. But, even if this Court agreed with Plaintiffs' characterization of tranches, it will not proceed in piecemeal to analyze, as Plaintiffs seem to suggest, the reasonableness of attorney's fees for only two-thirds of the case. *JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1106 (6th Cir. 2019) ("A district court typically resolves all attorneys' fees in a single, final order[.]"). Indeed, as Defendants point out, proceeding in piecemeal is practically not possible because "Plaintiffs have not defined how many hours were spent on work related exclusively" to each of their alleged "tranches." ECF No. 276 at PageID.7315; *see also* ECF No. 271-3 at PageID.7094–102. Further, as Defendants recognize, "if Plaintiffs achieve a total victory on appeal, that result would obliviate the need for a detailed, line-item accounting" of the specific aspects of the case subject to a few award. ECF No. 276 at PageID.7317.

Although there are good reasons to promptly determine the amount of reasonable attorney's fees, in some cases, deferring that determination is the most efficient course of action. *Kryder v. Est. of Rogers*, 321 F. Supp. 3d 803, 809 (M.D. Tenn. 2018). Such is the case here.

---

[2] The first "tranche," as characterized by Plaintiffs, resulted in Defendants' destruction of 3.4 million "secretly-held" residual blood spots pursuant to a settlement between the Parties and a consent judgment. ECF No. 274 at PageID.7156–57. The second involved Defendants' ordered return of the infant-Plaintiffs' blood spots which this Court found were unconstitutionally retained. *Id.* at PageID.7157 (citing ECF No. 262). The third tranche, Plaintiffs describe, involves the retention of the medical *data* associated with the spots. *Id.* at PageID.7158-59.

"[R]ather than undertake the time-consuming task of determining a reasonable attorney's fee, only to see the effort [altered] on appeal," *Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988), *amended*, 878 F.2d 1118 (8th Cir. 1989), and rather than analyze the reasonableness of Plaintiffs' proffered award in piecemeal, this Court will deny Plaintiffs' Motion without prejudice and will direct Plaintiffs to refile a motion for attorneys fees within 14 days of the Sixth Circuit's mandate. Accordingly, this Court will deny the State Defendants' joint Motion, seeking to dismiss or stay Plaintiffs' motion for fees and costs, as moot.

**IV.**

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Attorney's Fees and Costs, ECF No. 271, is **DENIED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that, in accordance with Civil Rule 54(d)(2), Plaintiffs are **DIRECTED** to refile their Motion for Attorney's Fees no later than **14 days** after the Sixth Circuit's decision in *Kanuszewski, v. Michigan Dep't of Health and Hum. Serv.*, CN 23-1733 (6th Cir. Aug. 16, 2023).

Further, it is **ORDERED** that the State Defendants' Motion to Dismiss Without Prejudice or Stay Plaintiffs' Motion for Attorney Fees and Costs, ECF No. 273, is **DENIED AS MOOT.**

Dated: May 10, 2024                                  s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge